## A. S. TRIMBLE, ADMR., *v.* E. A. HENSLEY.

**Pleadings—Imperfect Petition—Commissioner's Report Will Not Help.**
    A commissioner's report will not be allowed to help an imperfect
    and defective petition. A judgment must be based as well upon
    the petition as the proof, and testimony which tends to establish
    some fact not alleged in the petition is irrelevant and incompetent.

### APPEAL FROM MORGAN CIRCUIT COURT.

September 7, 1872.

OPINION BY JUDGE LINDSAY:

Appellee's petition sets out the fact that he placed in the hands
of the intestate a large number of claims for collection, but
fails to discriminate as to which he received as sheriff, which
as constable, and which as town marshal. He alleges that large
sums of money were collected on these claims and considerable
amounts paid over to him, but he fails to fix the aggregate of
either.

He also claims that the intestate laid himself liable for many
claims but fails to state what claims or in what manner the
liabilities were incurred.

The petition utterly fails to set out any amount for which
judgment should be rendered or to furnish any data by which
such amount could be ascertained by the court. It is nowhere
alleged that appellant is ignorant of the particulars of his pre-
tended cause of action nor that a discovery from the appellee
is either necessary or desirable.

Such a paper as that, styled the petition, is in no sense a
pleading, and if it had remained unanswered, or if the appellee
had come into court and confessed that everything it contained
was true, no judgment could have been rendered upon it.

The commissioner's report cannot be allowed to help this
imperfect and defective petition. The judgment must be based
as well upon the petition as the proof, and testimony which
tends to establish some fact not alleged in the petition is irrele-
vant and incompetent. Neither the amended petitions nor the
answers cure the defects pointed out. It follows therefore that
the judgment as to the matters and things touching intestate's

official action, either as sheriff, constable or marshal, must be reversed.

The plea of the statute of limitation as to the merchant's accounts sued on should have been sustained. More than six years had elapsed after the date of the last charge on either of the accounts before the action was instituted.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

*Rodman, for appellant.*

*Hazelrigg, for appellee.*